J-S37013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARNELL TOLLIVER | |
| Appellant | No. 879 WDA 2015 |

Appeal from the PCRA Order May 18, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001679-2006

BEFORE:  GANTMAN, P.J., SHOGAN, J., and LAZARUS, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED APRIL 28, 2016**

Appellant, Darnell Tolliver, appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas, which denied his untimely second petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On October 4, 2007, the court convicted Appellant of one count of voluntary manslaughter and three counts of aggravated assault.  The court sentenced Appellant on December 18, 2007, to an aggregate term of 10-20 years' imprisonment.  Appellant's sentence included the mandatory minimum per 42 Pa.C.S.A. § 9712 (requiring mandatory minimum 5-year sentence for defendant convicted of crime of violence where defendant visibly possessed firearm that placed victim in reasonable fear of death or serious bodily injury).  This Court affirmed the judgment of sentence on December 22, 2009, and our Supreme Court

denied allowance of appeal on September 28, 2010. *See Commonwealth v. Tolliver*, 990 A.2d 56 (Pa.Super. 2009), *appeal denied*, 608 Pa. 640, 9 A.3d 630 (2010). On February 8, 2011, Appellant timely filed a *pro se* PCRA petition. The court appointed counsel, who subsequently filed a motion to withdraw due to a conflict of interest. After the court appointed new PCRA counsel, counsel filed a petition to withdraw and accompanying "no-merit" letter on July 5, 2011.[1] On July 12, 2011, the court permitted counsel to withdraw. Appellant filed an amended *pro se* PCRA petition on January 24, 2012. The court issued appropriate notice per Pa.R.Crim.P. 907 on January 18, 2013, and denied the petition on February 19, 2013. On April 6, 2015, Appellant filed the current PCRA petition seeking relief under *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (holding any fact increasing mandatory minimum sentence for crime is considered element of crime to be submitted to fact-finder and found beyond reasonable doubt). The court issued Rule 907 notice on April 13, 2015, and Appellant filed a *pro se* response on April 28, 2015. On May 18, 2015, the court denied Appellant's petition as untimely. Appellant timely filed a notice of appeal on June 3, 2015, and a voluntary Pa.R.A.P. 1925(b) statement.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Turner*, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*,

---

[1] *See Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

625 Pa. 649, 91 A.3d 162 (2014). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the timeliness provisions of the PCRA allow for very limited circumstances under which the late filing of a petition will be excused; a petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(1-2). Instantly, Appellant's judgment of sentence became final on December 27, 2010, upon expiration of the time to file a petition for writ of *certiorari* with the United States Supreme Court. **See** U.S.Sup.Ct.R. 13. Appellant filed the current PCRA petition on April 6, 2015, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant now attempts to invoke the "new constitutional right" exception to the statutory time bar per Section 9545(b)(1)(iii), insisting **Alleyne** and its progeny declared unconstitutional the mandatory minimum sentencing statute under which Appellant was sentenced. Nevertheless, the law on which Appellant relies affords him no relief, where Appellant's current PCRA petition is untimely. **See Commonwealth v. Miller**, 102 A.3d 988 (Pa.Super. 2014) (holding that even if **Alleyne** announced new constitutional right, neither our Supreme Court nor United States Supreme Court has held that **Alleyne** applies retroactively, which is fatal to appellant's attempt to satisfy "new

constitutional right" exception to timeliness requirements of PCRA). ***See also Commonwealth v. Ruiz***, 131 A.3d 54 (Pa.Super. 2015) (explaining ***Alleyne*** does not invalidate illegal mandatory minimum sentence when claim was presented in untimely PCRA petition). Thus, we affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2016